PER CURIAM.
 

 Metaxotos appeals the denial of his rule 3.800(a) motion to correct illegal sentence. He concedes that every issue except one, his sexual predator designation, has been raised in previous 3.800 motions. He argues that he does not possess the requisite prior convictions as required by § 775.21, Fla. Stat. (1998), and the designation was not part of his plea agreement. The trial court, adopting the State’s response, ruled the issue was barred by the law of the case doctrine. We disagree and reverse.
 

 While Metaxotos has filed numerous 3.850 and 3.800 motions, only one addressed whether he had the requisite convictions to be designated a sexual predator, and that motion was never actually decided on the merits because it was stricken for lack of jurisdiction. The law of the case doctrine applies only to issues decided on appeal.
 
 State v. McBride,
 
 848 So.2d 287, 289 (Fla.2003). “Without appellate review of the trial court’s order, the trial court’s order cannot become the law of the case.”
 
 Mordenti v. State,
 
 982 So.2d 710, 717 (Fla. 2d DCA 2008).
 

 This particular sexual predator designation issue was never decided on appeal, making the law of the case doctrine inapplicable. We reverse and remand for consideration of this one specific issue.
 

 FARMER, HAZOURI and MAY, JJ., concur.